NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2350-15T4

MICHAEL TORRES,

 Plaintiff-Appellant,

v.

KRANK L.L.C., AND
RAMON OMAR ESCOBAR,

 Defendants-Respondents,

and

KRANK SYSTEMS L.L.C., AND
KRANK SYSTEMS JERSEY CITY, INC.,

 Defendants.
___________________________________

 Telephonically argued April 19, 2017 –
 Decided June 12, 2017

 Before Judges Hoffman and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No. L-3613-
 14.

 Patrick H. Cahalane argued the cause for
 appellant (Anglin, Rea & Cahalane, P.A.,
 attorneys; Mr. Cahalane, on the briefs).

 Christina T. Williamson argued the cause for
 respondents (McCormick & Priore, P.C.,
 attorneys; Ms. Williamson and Philip D.
 Priore, on the briefs).

PER CURIAM

 Plaintiff appeals from a January 22, 2016 order granting

summary judgment to defendant Krank L.L.C. (Krank), a private gym.

We affirm.

 Plaintiff joined Krank in March 2011 at its Nutley location.

When plaintiff joined, he signed a membership commitment, waiver,

and release of liability form. The form's letterhead said Krank

Systems, but was also stamped with

 Krank, L.L.C.
 Pete Islip/Rob Morales
 386 Franklin Ave., Rear
 Nutley, NJ 07110
 973-320-2600
 www.kranksystems.com

The form included the following language:

 I hereby release and covenant not-to-sue KRANK
 SYSTEMS, [L.L.C.] and/or either entities, its
 officers and/or owners, their members, staff,
 volunteers, landlords, agents or assigns from
 any and all present and future claims
 resulting from ordinary negligence on the part
 of KRANK SYSTEMS, [L.L.C.] or any other listed
 above for property damage, personal injury,
 or wrongful death, arising as a result of
 engaging or receiving instruction in
 gymnastics, tumbling, or any other activities
 or any activities incidental thereto,
 wherever, whenever, or however the same may
 occur. I hereby voluntarily waive any and all
 claims against KRANK SYSTEMS, [L.L.C.] and/or
 any others listed above resulting from
 ordinary negligence, both present and future,

 2 A-2350-15T4
 that may be made by me, my family, estate,
 heirs, agents, representatives, or assigns.

 I understand that Open Class activities
 involve certain risks, including but not
 limited to death, serious neck and spinal
 injuries resulting in complete or partial
 paralysis, brain damage, and serious injury
 [to] bones, joints & muscles. Mats,
 equipment, and other safety equipment, and
 apparatus provided for protection, including
 the active participation of a coach or teacher
 who will spot or assist in the performance of
 certain skills, may be inadequate to prevent
 serious injury. I am voluntarily allowing my
 child(ren) and/or myself to participate in
 this activity with knowledge of the risks
 involved and hereby agree to accept any and
 all inherent risks of property damage,
 personal injury, or death.

 I understand that this waiver is intended to
 be as broad and inclusive as permitted by the
 laws of the state of New Jersey and agree that
 if any portion here is held invalid, the
 remainder of the waiver will continue in full
 legal force and effect. I further agree that
 the venue for any legal proceedings shall be
 within the state of New Jersey.

 The waiver provided, "I have read and understand the Waiver

and Release of Liability," which plaintiff initialed.

 Plaintiff began working out at Krank's Jersey City location

in 2012. On June 30, 2012, plaintiff executed a second membership

commitment form, waiver and release form, which contained the same

language. On February 3, 2013, plaintiff injured his Achilles

tendon in a "run block" class while performing an exercise using

a resistance band. Defendant Ramon Omar Escobar was the class

 3 A-2350-15T4
instructor. Escobar ran the class on Sundays when the gym was

closed, and advertised the class using flyers, word of mouth, and

social media. The class cost an additional fee not included with

gym membership, and several people were participating in the class

at the time of plaintiff's injury.

 Plaintiff filed a complaint on November 20, 2013, in Middlesex

County and an amended complaint on January 16, 2014. The amended

complaint listed Krank L.L.C., Krank Systems L.L.C., Krank Systems

Jersey City, Inc., and Omar Escobar as defendants. Defendants

moved to change venue in April 2014, and the court transferred the

case to Essex County. Plaintiff filed a second amended complaint

in October 2014, to replace Omar Escobar with Ramon Omar Escobar.

 Defendants, relying on the waivers, moved for summary

judgment. The motion was heard on January 22, 2016. The judge

determined the waiver released Krank L.L.C. from liability,

plaintiff had no separate claim against Krank Systems L.L.C., and

the waiver was fully applicable to the class where plaintiff was

injured. The judge granted defendants' motion for summary

judgment, and this appeal followed. On appeal, plaintiff

challenges the motion judge's conclusions.

 When reviewing a grant of summary judgment, we adhere to the

same standard as the motion judge. Globe Motor Co. v. Igdalev,

225 N.J. 469, 479 (2016) (quoting Bhagat v. Bhagat, 217 N.J. 22,

 4 A-2350-15T4
38 (2014)); Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J.

Super. 162, 167 (App. Div.) (citing Antheunisse v. Tiffany & Co.,

Inc., 229 N.J. 399, 402 (App. Div. 1988), certif. denied, 115 N.J.

59 (1989)), certif. denied, 154 N.J. 608 (1998). We review to

determine "if the pleadings, depositions, answers to

interrogatories and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any

material fact challenged and that the moving party is entitled to

a judgment or order as a matter of law." R. 4:46-2(c). If no

genuine issue of fact exists, we then decide whether the trial

court's ruling on the law was correct. Walker v. Alt. Chrysler

Plymouth, 216 N.J. Super. 255, 258 (App. Div. 1987).

 The motion judge herein found no material facts in dispute

and considered two legal issues: 1) whether or not Krank L.L.C.

and Krank Systems L.L.C. were different companies, therefore not

protected by the waiver plaintiff signed; and 2) whether the waiver

applied to Escobar's class. Upon reviewing the parties'

submissions, the judge rejected the argument Krank L.L.C. and

Krank Systems L.L.C. were different entities. The judge also

rejected the suggestion the waiver did not apply to Escobar's

class because the waiver expressly included "open classes," which

included Escobar's class. Applying the Supreme Court's analysis

in Stelluti v. Casapenn Enters., LLC, 203 N.J. 286 (2010), the

 5 A-2350-15T4
motion judge determined plaintiff waived his right to sue when he

signed the waiver, or exculpatory agreement. We agree.

 "[T]o be enforceable an exculpatory agreement must 'reflect

the unequivocal expression of the party giving up his or her legal

rights that this decision was made voluntarily, intelligently and

with the full knowledge of its legal consequences.'" Id. at 304-

05 (quoting Gershon, Adm'x Ad Prosequndum for Estate of

Pietroluongo v. Regency Diving Ctr., 386 N.J. Super. 237, 247

(App. Div. 2004)). The Supreme Court found four factors to

consider when enforcing an exculpatory agreement. Id. at 304

(quoting Gershon, supra, 386 N.J. Super. at 248). Such an

agreement

 will be enforced if (1) it does not adversely
 affect the public interest; (2) the exculpated
 party is not under a legal duty to perform;
 (3) it does not involve a public utility or
 common carrier; or (4) the contract does not
 grow out of unequal bargaining power or is
 otherwise unconscionable.

 [Ibid.]

 In Stelluti, the New Jersey Supreme Court determined an

exculpatory agreement limiting a private gym from liability did

not adversely affect public interest, nor was it contrary to a

legal duty owed. Id. at 306-13. Private gyms cannot waive away

the "duty of reasonable or due care to provide a safe environment

for doing that which is in the scope of the invitation" owed to

 6 A-2350-15T4
business invitees, Walters v. YMCA, 437 N.J. Super. 111, 117 (App.

Div. 2014) (quoting Stelluti v. Casapenn Enters., LLC, 408 N.J.

Super. 435, 975 (App. Div. 2009), aff’d, Stelutti, supra, 203 N.J.

at 461), and always maintain a "duty not to engage in reckless or

gross negligence." Stelutti, supra, 203 N.J. at 313.

 Plaintiff argues the scope of the waiver did not cover

Escobar's class, asserting the run block class was not an "open

class" under the agreement. Plaintiff claims the term "open class"

was ambiguous, and therefore, the judge should not have granted

summary judgment.

 We disagree. While the agreement did not define "open class,"

the motion judge found "open class" meant "open to members of the

gym," and based on the language in the waiver, "is exactly the

type of activity that the Stelutti case intended to protect these

gyms from." The judge supported the finding with evidence in the

record the run block class was not a private one-on-one training

session, and any member could have paid an additional fee and

taken the class.

 We also reject the argument the waiver only applied to Krank

Systems L.L.C., not defendant Krank L.L.C. Krank Systems L.L.C.

was not in existence as a legal entity in 2011 when plaintiff

originally signed the waiver. Plaintiff could not have been

waiving his rights to sue a non-existent entity. The waiver also

 7 A-2350-15T4
included a stamp with "Krank L.L.C." at the top, and testimony

from Mr. Morales, an owner of the Krank gyms, explained Krank used

the name "Krank Systems L.L.C." the same way as "Krank L.L.C."

before Krank Systems L.L.C. incorporated. We also reject

plaintiff's argument the waiver does not cover Escobar because he

was an employee of Krank L.L.C. and not Krank Systems L.L.C.

 We likewise reject the contention the waiver only applied to

injuries sustained incidental to gymnastics or tumbling, and does

not release defendant from liability for injuries. The agreement

applies to injuries "as a result of engaging in or receiving

instruction in gymnastics, tumbling, or any other activities or

any activities incidental thereto." Plaintiff argues "thereto"

only modifies "gymnastics" and tumbling"; however, "thereto" also

modifies "or any other activities." "Any other activities"

includes the open classes discussed above, and here, the run block

class.

 Moreover, the waiver states if "any portion herein is held

invalid, the remainder of the waiver will continue in full force

and legal effect." Even removing the "open class" provision,

plaintiff still agreed to waive his right to sue.

 Plaintiff also argues the issue of gross negligence should

have gone to a jury. We disagree. Gross negligence is "more than

ordinary negligence, but less than willful or intentional

 8 A-2350-15T4
misconduct" and constitutes "a higher degree of negligence."

Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 364 (2016).

"Gross negligence is an indifference to another by failing to

exercise even scant care or by thoughtless disregard of the

consequences that may follow from an act or omission." Id. at

364-65.

 Here, the record does not support a finding that defendant’s

actions constituted gross negligence. Plaintiff did not complain

of pain or discomfort while performing the exercise until his

injury occurred. He completed several repetitions of the exercise

prior to the injury and never informed the instructor he needed

to stop performing the exercise. We do not consider plaintiff’s

injury any more foreseeable than any other types of injury commonly

associated with athletic endeavors. The record does not support

defendants' actions rising to this "higher degree of negligence."

 Affirmed.

 9 A-2350-15T4